UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff(s),                                 CIVIL NO.12-13849

v.

GREGORY GLADDEN, VERIPI GLADDEN,
AND VIVIAN GLADDEN,

    Defendant(s).
_____/

## NOTICE DIRECTING SUBMISSION OF 26(f)(3) PLAN

On July 21, 2014 the court granted that United States' Motion to Lift the Stay of Proceedings and the case is ready to proceed. Therefore, Plaintiff is ORDERED to meet and confer with Defendants[1] and to **file** a Rule 26(f)(3) plan by August 15, 2014 which should address the following:

1. A summary of each claim and affirmative defense, and related issues, including a) the elements of proof and, b) the good faith factual foundation of each;
2. The nature of any corporate, partnership or LLC parties and confirmation that all corporate parties have filed the disclosure statement required by LR 83.4.
3. The propriety of (or dispute about) subject matter jurisdiction;
4. The possible relationship to other cases;
5. The likelihood of pleading or party amendments, third-party complaints, etc.;
6. The likelihood of expert testimony;

---

[1] You are expected to attempt to narrow the issues in advance. This includes the elimination of frivolous or unsustainable claims and defenses. Consider withdrawing, without prejudice, claims and defenses that are not *presently* sustainable in view of evidence in hand, (*see* Fed. R. Civ. P. Rule 16(c)(2)(a)). Leave to add claims or defenses later is afforded "freely when justice so requires," to a diligent party who only later acquires facts needed to properly state a related claim or an affirmative defense (*see* Fed. R. Civ. P. 15(a)). The court urges action where possible; a common example is a purported defense citing Rule 12(b)(6), which is more appropriately stated as a motion to dismiss on the pleadings, not just one among a list of many potential defenses.

7. Any discovery to date and complexity of further discovery, Counsel are encouraged to commence their Fed. R. Civ. P. 26(a)(1) disclosures without delay and to begin discovery by mutual consent before the conference;
8. The need to adopt the provisions of the Court's *Model Order Relating to the Discovery of Electronically Stored Information.*[2]
9. Referral to state mediation practice or to private facilitation or arbitration;
10. Consideration of magistrate judge consent jurisdiction (28 U.S.C. 636(b)) or District Court bench trial;
11. The likelihood of dispositive motion practice; the likelihood of settlement.

Upon review of the 26(f)(3) plan, the court will issue its scheduling order

BY ORDER OF THE COURT

/S/ Lisa Wagner
Case Manager and Deputy Clerk to
Judge Robert H. Cleland
313-234-5522

---

[2] See http://www.mied.uscourts.gov/News/Docs/EsiOrderChecklist.pdf: Rule 26(f)(3)(C), Fed.R.Civ.P.