UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 12-13849

GREGORY A. GLADDEN, et al.,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR A STAY AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The United States brought this action on August 30, 2012 to reduce to judgment federal tax assessments resulting from the alleged fraudulent and false refund filed by Defendants Gregory and Veripi Gladden (collectively, "the Gladdens") and to enforce liens associated with that liability against real property in the name of Defendant Vivian Gladden. Thereafter, the United States filed a motion to stay, stating that this civil case encompassed the same subject matter as an ongoing criminal investigation. The court granted the motion to stay on April 12, 2013. About a year later, the United States filed a motion to lift the stay, stating that the reason behind the stay was no longer at issue and the case should proceed. The court granted that motion and lifted the stay on July 21, 2014.

After the stay was lifted, Defendant Gregory A. Gladden, proceeding pro se, filed an opposition to the motion to lift the stay, followed almost immediately by a motion to reimpose the stay. Defendant claims that he was visited by a member of the Internal Revenue Service Criminal Investigation Division and told that criminal charges could be

filed against him.  (Pg ID 51.)  The motion states that co-defendant Veripi Gladden also spoke to member of the United States Department of Justice Tax Division related to allegations in this civil case.  Defendant Gladden contends that the stay protects his Fifth Amendment right against self-incrimination, due to the overlap of allegations in this case and the purported ongoing criminal investigation.  The United States opposes the motion, setting forth that there is no basis to find the existence of an ongoing criminal investigation and that, in any event, it is possible that the United States will not seek discovery from the Gladdens in this case, due to the pending summary judgment motion.  Thus, the United States asserts, until discovery is actually sought from the Gladdens any invocation of the right against self-incrimination is premature.

Indeed, the court finds that the summary judgment motion does, in this case, control the outcome of the motion for stay. This court enters summary judgment only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).  The movant has the initial burden of showing the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-movant, who must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citation omitted).  If the moving party meets its initial burden and the nonmoving party fails to respond, "its opportunity is waived and

its case wagered." *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 405 (6th Cir. 1992).

Here, the United States sought summary judgment on Count 1 of its Complaint, and supported its motion with specific facts establishing that it is entitled to judgment as a matter of law. Defendants have not filed any opposition to the motion. In its motion, the United States has shown that the Gladdens filed a joint income tax in 2009 claiming earnings and withholdings which entitled them to a refund of $338,268.79. (Pg ID 72.) The IRS issued the Gladdens a refund check in that amount, and the Gladdens then deposited the check. On June 29, 2010, the Secretary of the Treasury made an assessment against the Gladdens for the tax year 2009 of $483,636.00, of which $448,803.88 remains outstanding, plus interest and other statutory additions accruing from and after September 12, 2014. (Pg. ID 73.) The Gladdens have not opposed the motion for summary judgment. Rather, even in their Answer, while denying any fraud, they admitted that they "were not entitled to the refund at issue." (Pg ID 19.)

Under these circumstances, the United States has conclusively shown that it is entitled to judgment as a matter of law on Count I of its Complaint. Given this holding, the court agrees with the United States that a stay is unnecessary. There is no evidence of an ongoing criminal investigation. Moreover, the only remaining clam is asserted against Defendant Vivian Gladden, and it is unlikely that any discovery taken on that claim will violate the Gladdens' right against self-incrimination. At the very least, it is premature to hold that their Fifth Amendment rights will be implicated. In the event discovery is sought directly against the Gladdens that may trigger the Fifth Amendment, the court can revisit this issue in a renewed motion, which may or may not lead to a stay

of the case but may instead simply impose appropriate limits on discovery. Accordingly, for all of these reasons,

IT IS ORDERED Plaintiff's Motion for Summary Judgment (Dkt. # 21) is GRANTED and judgment is awarded to Plaintiff and against Gregory and Veripi Gladden in the amount of $448,803.88, plus interest and other statutory additions accruing from and after September 12, 2014.

IT IS FURTHER ORDERED that Defendant's Motion to Stay (Dkt. #18) is DENIED.

The court will conduct a telephone conference on **April 22, 2016 at 10:30 a.m.** to discuss the next stage of this litigation.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: March 24, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 24, 2016, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522